# EXHIBIT A

2/6/2020 5:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40633864
By: Patricia Jones
Filed: 2/6/2020 5:14 PM

**2020-08656 / Court: 295**

NO. _____

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INTERCONTINENTAL TERMINALS COMPANY LLC; INTERCONTINENTAL TERMINALS MANAGEMENT COMPANY; CIMA SERVICES, LP; AND INSTRUMENTATION & ELECTRICAL SPECIALIST, L.L.C. | § § § § § § § § | |
| | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF KIRBY INLAND MARINE, LP'S ORIGINAL PETITION

Plaintiff Kirby Inland Marine, LP ("Kirby") files its Original Petition and Request for Disclosure and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Kirby intends to conduct discovery under Level 2 of Tex. R. Civ. P. 190.3.

### II. PARTIES

2. Plaintiff Kirby Inland Marine, LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in Harris County, Texas.

3. Defendant Intercontinental Terminals Company LLC ("ITC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Harris County, Texas. ITC maintains a corporate office at 1021 Main Street, Suite 1150, Houston, Texas 77002. ITC may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Intercontinental Terminals Management Company ("ITMC") is a domestic corporation with its principal place of business at 2424 Hazard Street, Houston, Texas 77019. ITMC may be served through its registered agent Norman T. Reynolds, 3262 Westheimer Road, Suite 234, Houston, Texas 77098.

5. Defendant CIMA Services, LP ("CIMA") is a domestic limited partnership with its principal place of business at 790 W. Sam Houston Parkway N., Suite 202, Houston, Texas 77024. CIMA may be served through its registered agent Bradley W. Rapp, 1980 Post Oak Boulevard, Suite 1200, Houston, Texas 77056.[1]

6. Defendant Instrumentation & Electrical Specialist, L.L.C. ("IES") is a domestic limited liability company with its principal place of business at 2417 Randolph Road, Pasadena, Texas 77053. IES may be served through its registered agent Joseph Alger Durso III at 17711 Willow Pond Road, Alvin, Texas 77511.[2]

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

8. Venue is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The general partner of CIMA is CIMA Services Management, Inc., which is a domestic corporation with its principal place of business in Houston, Texas.
[2] IES has the following three members: Joseph Alger Durso III, Ann Durso, and Cassie Achille, all of whom are individuals domiciled in Texas.

## IV.   FACTUAL BACKGROUND

9.   Kirby operates inland tank barges and towing vessels to transport bulk liquid products. Kirby owns and operates facilities, boats, and barges in the Houston Ship Channel and surrounding waterways, including Carpenters Bayou and Old River.

10.   ITC operates a bulk liquid storage terminal in Deer Park, Texas ("ITC Deer Park Terminal") on the Houston Ship Channel. Within the ITC Deer Park Terminal tank farm, Tank 80-8 is an 80,000-barrel aboveground atmospheric storage tank, containing naphtha that is equipped with piping manifold for naphtha-butane blending operations.

11.   On March 16, 2019, following two planned butane truck deliveries to Tank 80-8 through the piping manifold, the Tank 80-8 pump remained on to circulate the product.

12.   On March 17, 2019, a mechanical problem developed and resulted in an undetected naphtha product release. At approximately 10 a.m., a fire erupted near the Tank 80-8 piping manifold. The pump shut down, and the Tank 80-8 equipment lost communication with the ITC-distributed control system.

13.   The ITC Emergency Response Team and neighboring companies responded to the fire, but the fire raged out of control, releasing pollutants and contaminants into the air, and ultimately spread to eight additional storage tanks in the tank farm. US Fire Pump responded to the scene on March 19, 2019. The fire was finally extinguished on March 20, 2019, at approximately 3 a.m.

14.   Then, at approximately 12:15 p.m. on March 22, 2019, a section of the tank farm dike wall failed, discharging a mixture of chemicals from the tanks, water, and firefighting foam into the surrounding waterways, including the Houston Ship Channel.

15. Upon information and belief, at the time of the fire, ITC had not equipped the tank farm with a fixed gas detection system, which would have activated alarms to warn the ITC personnel of a product release. As a result, ITC was unaware of the naphtha release prior to the fire. Further, ITC had not equipped the Tank 80-8 piping manifold with emergency or remotely operated isolation valves. As a result, ITC was unable to control the release of naphtha.

16. Upon information and belief, prior to the fire, ITC hired CIMA and IES to revise the butane injection system and piping manifold of Tank 80-8 for the specific purpose of reducing the time required to offload trucks. IES performed the instrumentation and electrical work. CIMA provided the labor and equipment. Instead of replacing the 2-inch piping with new 4-inch piping, CIMA installed used piping that was inadequate to serve as a butane injection line. CIMA was also responsible for obtaining all required work permits and conducting inspections and tests on the newly-installed butane injection line. CIMA failed to adequately conduct these inspections and tests. As a result, the butane injection system failed and caused the release of naphtha.

17. Upon information and belief, ITMC provides management and consulting services to ITC, including but not limited to, participation development of the following: ITC's operating procedures, plans for preventing and containing a chemical release and fire, and employee training and management. As a result of inadequate procedures, planning, training, and management, ITC was unable to control the release of naphtha.

18. The ITC fire, the resulting air contamination and pollution, and the resulting discharge necessitated multiple shelter-in-place orders, road closures, and a closure of a seven-mile stretch of the Houston Ship Channel. Kirby had to evacuate its facilities and boats, many of which were contaminated with the discharge and trapped because of the discharge, and monitor

4

air and water quality to ensure the safety of its employees. As a direct and proximate result, Kirby has sustained significant damages.

## V. NEGLIGENCE OF ITC

19. Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

20. ITC committed acts of omission and commission, which collectively and separately constituted negligence. ITC had a duty to exercise ordinary care, meaning that degree of care that would be used by any chemical storage terminal of ordinary prudence under the same or similar circumstances, and ITC breached that duty, including but not limited to, one or more of the following ways:

   a. Failure to develop, implement, and maintain proper operational procedures and protocol concerning safe chemical storage;

   b. Failure to develop, implement, and maintain proper safety procedures and protocol concerning safe chemical storage;

   c. Failure to properly maintain its chemical storage tanks and related equipment;

   d. Failure to install proper equipment to prevent and contain a chemical release;

   e. Failure to adequately prepare for and implement effective procedures to prevent and contain a chemical release and fire;

   f. Failure to take reasonable action to prevent the chemical release and fire or minimize the effects thereof;

   g. Failure to properly train or manage its agents, servants, and employees to handle a chemical release and fire;

   h. Failure to exercise reasonable care under the circumstances; and

      i. Other acts of negligence that may be determined as discovery progresses.

21. ITC's negligence was the proximate cause of the fire, the resulting air contamination and pollution, the resulting discharge, and damages sustained by Kirby herein. Kirby seeks to recover from ITC all of its damages sustained as a result of ITC's negligence.

## VI. NEGLIGENCE OF ITMC

22. Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

23. ITMC committed acts of omission and commission, which collectively and separately constituted negligence. ITMC had a duty to exercise ordinary care, meaning that degree of care that would be used by any company providing management and consulting services to a chemical storage terminal of ordinary prudence under the same or similar circumstances, and ITMC breached that duty, including but not limited to, one or more of the following ways:

      a. Failure to develop, implement, and maintain proper operational procedures and protocol concerning safe chemical storage;

      b. Failure to develop, implement, and maintain proper safety procedures and protocol concerning safe chemical storage;

      c. Failure to adequately prepare for and implement effective procedures to prevent and contain a chemical release and fire;

      d. Failure to take reasonable action to prevent the chemical release and fire or minimize the effects thereof;

      e. Failure to properly train or manage ITC's agents, servants, and employees to handle a chemical release and fire;

    f. Failure to exercise reasonable care under the circumstances; and

    g. Other acts of negligence that may be determined as discovery progresses.

24. ITMC's negligence was the proximate cause of the fire, the resulting air contamination and pollution, the resulting discharge, and damages sustained by Kirby herein. Kirby seeks to recover from ITMC all of its damages sustained as a result of ITMC's negligence.

## VII. NEGLIGENCE OF CIMA

25. Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

26. CIMA committed acts of omission and commission, which collectively and separately constituted negligence. CIMA had a duty to exercise ordinary care, meaning that degree of care that would be used by any construction company of ordinary prudence under the same or similar circumstances, and CIMA breached that duty, including but not limited to, one or more of the following ways:

    a. Failure to install piping of adequate quality to safely inject and mix butane with naphtha within the Tank 80-8 piping manifold and seals;

    b. Failure to adequately inspect and test the piping installed on Tank 80-8 to ensure that it was safe for its intended use;

    c. Failure to exercise reasonable care under the circumstances; and

    d. Other acts of negligence that may be determined as discovery progresses.

27. CIMA's negligence was the proximate cause of the fire, the resulting air contamination and pollution, the resulting discharge, and damages sustained by Kirby herein. Kirby seeks to recover from CIMA all of its damages sustained as a result of CIMA's negligence.

## VIII. NEGLIGENCE OF IES

28. Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

29. IES committed acts of omission and commission, which collectively and separately constituted negligence. IES had a duty to exercise ordinary care, meaning that degree of care that would be used by any electrical and instrumentation services provider of ordinary prudence under the same or similar circumstances, and IES breached that duty, including but not limited to, one or more of the following ways:

   a. Failure to exercise ordinary care in its provision of instrumentation and electrical work for the equipment associated with Tank 80-8, including but not limited to, the installation of the butane injection line;

   b. Failure to exercise reasonable care under the circumstances; and

   c. Other acts of negligence that may be determined as discovery progresses.

30. IES's negligence was the proximate cause of the fire, the resulting air contamination and pollution, the resulting discharge, and damages sustained by Kirby herein. Kirby seeks to recover from IES all of its damages sustained as a result of IES's negligence.

## IX. DAMAGES

31. As a direct and proximate result of the conduct of Defendants, Kirby suffered injuries and sustained damages, including but not limited to:

   a. All damages incurred by Kirby as a result of the March 17, 2019 fire, the resulting air contamination and pollution, and the resulting discharge;

   b. Prejudgment and postjudgment interest at the maximum rate allowed under law;

      c.     All costs and expenses of litigation, as set forth herein;

      d.     Costs of court; and

      e.     All other relief to which Kirby may be entitled.

32.    Kirby is entitled to and herein now sues for a just and reasonable sum that exceeds the minimum jurisdictional limits of this Court. Pursuant to Tex. R. Civ. P. 47, Kirby affirmatively pleads for monetary relief over $1,000,000.

## X. INTEREST

33.    Kirby seeks prejudgment and postjudgment interest as permitted by law.

## XI. REQUEST FOR DISCLOSURE

34.    Pursuant to Tex. R. Civ. P. 194.1, *et seq.*, Kirby hereby requests that Defendants disclose the information or material described in Tex. R. Civ. P. 194.2 within 50 days of the service of this request.

## XII. JURY DEMAND

35.    Kirby respectfully requests a trial by jury of this case and has tendered the appropriate fee.

## XIII. PRAYER

Kirby prays that Defendants be cited to appear and answer herein; that upon final trial and hearing in this case, Kirby have judgment against Defendants, jointly and severally, prejudgment and postjudgment interest, and costs of court and expenses; and for all other relief to which it is entitled.

Respectfully submitted,

SHIPLEY SNELL MONTGOMERY LLP

By: /s/ *George T. Shipley*
    George T. Shipley
    State Bar No. 18267100
    Brooksie Bonvillain Boutet
    State Bar No. 24097400
    712 Main Street, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 652-5920
    Facsimile: (713) 652-3057
    gshipley@shipleysnell.com
    bboutet@shipleysnell.com

ATTORNEYS FOR PLAINTIFF
KIRBY INLAND MARINE, LP

10

3/5/2020 4:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41429934
By: DAVIA FORD
Filed: 3/5/2020 4:39 PM

CAUSE NO. 2020-08656

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP, <br> Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT |
| v. | § <br> § <br> § | |
| INTERCONTINENTAL TERMINAL COMPANY, LLC; INTERCONTINENTAL TERMINALS MANAGEMENT COMPANY; CIMA SERVICES, LP; and INSTRUMENTATION & ELECTRICAL SPECIALIST, LLC, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | 295TH JUDICIAL DISTRICT <br><br><br><br><br><br> HARRIS COUNTY, TEXAS |

**DEFENDANT INSTRUMENTATION & ELECTRICAL SPECIALIST, LLC'S ORIGINAL ANSWER**

TO THE HONORABLE COURT:

COMES NOW Instrumentation & Electrical Specialist, LLC (hereinafter "IES" or "Defendant") and files this Original Answer, and in support thereof, would show the Court as follows:

**I.**
**GENERAL DENIAL**

1.1     Defendant avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial; and in compliance with Rule 92, defendant denies each and every, all and singular, material allegation contained in plaintiff's currently pending petition, and states that these are matters that should be proven by plaintiff as required by law.

**II.**
**PRAYER**

WHEREFORE, defendant Instrumentation & Electrical Specialist, LLC prays that upon final trial and hearing hereof, it has judgment in accordance with the law and facts in accordance with same as found by this Honorable Court and Jury, and for such other and further relief, legal

INSTRUMENTATION & ELECTRICAL SPECIALIST, LLC'S ORIGINAL ANSWER - PAGE 1

7785790v1
09536.082


or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

s/Kelly E. Almeter
Ellen Van Meir
State Bar No. 00794164
evanmeir@thompsoncoe.com

Kelly E. Almeter
State Bar No. 24102957
kalmeter@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, TX 75201-2832
(214) 871-8200
(214) 871-8209 – FAX

COUNSEL FOR DEFENDANT
INSTRUMENTATION & ELECTRICAL
SPECIALIST, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2020, a true and correct copy of the foregoing was sent via e-service to plaintiff's counsel of record George T. Shipley and Brooksie Bonvillain Boutet SHIPLEY SNELL MONTGOMERY, LLP, 712 Main Street, Suite 1400, Houston, Texas, 77002.

s/Kelly E. Almeter
Kelly E. Almeter

3/6/2020 11:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41448819
By: Kenya Kossie
Filed: 3/6/2020 11:23 AM

CAUSE NO. 2020-08656

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| INTERCONTINENTAL TERMINALS COMPANY, LLC; INTERCONTINENTAL TERMINALS MANAGEMENT COMPANY; CIMA SERVICES, LP; AND INSTRUMENTATION & ELECTRICAL SPECIALIST, LLC | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | 295th JUDICIAL DISTRICT |
| Defendants. | § | |

## DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, <u>ORIGINAL ANSWER</u>

Defendant Intercontinental Terminals Company LLC ("Defendant") files its Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff Kirby Inland Marine's Original Petition (the "Petition").

### I. Motion to Transfer Venue

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendant respectfully requests that venue for this action be transferred from Harris County to another county of proper venue under the Texas Civil Practice and Remedies Code. Defendant will supplement the record with a brief in support of its motion and necessary affidavit upon completion of sufficient discovery.

### II. General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations and claims set forth in Plaintiff's Petition and demands strict proof thereof by a

PD.28177375.1

preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### III. Affirmative Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Plaintiffs lack standing to bring, in whole or in part, the claims alleged in the Petition.

3. Plaintiff's claims are barred in whole or in part by the economic loss rule under applicable law.

4. Defendant asserts the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendant to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person or party.

5. Defendant asserts the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiffs' Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendant's actions or reasonably foreseeable to Defendant or within its control.

6. Defendant denies that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of Defendant.

7. As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

8. As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

9. All conduct and activities of Defendant, as alleged in the Petition, conformed to applicable statutes, government regulations, government-issued permits, and industry standards based upon the state of knowledge at the time alleged in the Petition and/or were taken at the specific direction of or in conjunction with or with approval or ratification by federal, state, and/or local governmental authorities.

10. Alternatively, should any amount be cast against Defendant in judgment, Defendant is entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

11. Defendant denies any liability for punitive or exemplary damages. In any event, claims for exemplary damages are limited by Tex. Civ. Prac. & Rem. Code § 41.008.

12. Defendant denies any liability for punitive or exemplary damages. In any event, a punitive damages award against Defendant cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

13. Defendant denies any liability for punitive or exemplary damages. In any event, a punitive damages award against Defendant cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and

punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

14. Defendant denies any liability for punitive or exemplary damages. In any event, a punitive damages award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Article I, § 19 of the Texas Constitution.

15. Defendant reserves the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

## IV. Right to Amend

Defendant reserves the right to amend this Answer.

## V. Request for Jury

Defendant requests a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

## VI. Prayer

Defendant requests that this Court, after trial or final hearing of this case, enter judgment in Defendant's favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendant its costs of court and expenses and all other relief to which it is entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: */s/ Ivan M. Rodriguez*
    Ivan M. Rodriguez, Attorney-in-Charge
    Texas Bar No. 24058977
    Federal I.D. No. 4566982
    Marc G. Matthews
    Texas Bar No. 24055921
    Federal I.D. No. 705809
    500 Dallas Street, Suite 1300
    Houston, Texas 77002
    Telephone: (713) 626-138
    Telecopier: (713) 626-1388
    ivan.rodriguez@phelps.com
    marc.matthews@phelps.com

J. Alan Harrell
Texas Bar No. 24114609
Federal I.D. No. 3416065
II City Plaza | 400 Convention St., Suite 1100
Baton Rouge, Louisiana 70802-5618
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
alan.harrell@phelps.com

**COUNSEL FOR DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC**

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 6th day of March, 2020:

George T. Shipley
Brooksie Bonvillain Boutet
Shipley Snell Montgomery LLP
712 Main St., Suite 1400
Houston, TX 77002
gshipley@shipleysnell.com
bboutet@shipleysnell.com
**Counsel for Plaintiff Kirby Inland Marine LP**

Ellen Van Meir
Kelly E. Almeter
Thompson, Coe, Cousins & Irons
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
evanmeir@thompsoncoe.com
kalmeter@thompsoncoe.com
**Counsel for Defendant Instrumentation
  & Electrical Specialist, LLC**

/s/ *Ivan M. Rodriguez*
Ivan M. Rodriguez